SOPHIA KUBAS, as Administratrix of the Estate of STANLEY KUBAS, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 28434.) — Judgment affirmed, without costs of this appeal to either party. All concur, except McCurn and Piper, JJ., who dissent and vote for reversal and for entry of judgment in accordance with the following memorandum: The State's experts have testified that decedent would never have recovered or that a recovery was a rare possibility. His last commitment to the hospital was based on his attempt to commit suicide. The record discloses that the purpose of granting permission to inmates to leave the hospital grounds is " to build up their morale and let them feel that they are not being constantly watched and to give them the opportunity of being social beings again without restriction." This is a part of the treatment to rehabilitate the patient when his recovery is such that he is soon to be released. If the prognosis had been that decedent was on the road to recovery and had reached the state when he was about to be released as " recovered ", then we would be required to assume that the " extra-mural " privileges extended to him were in accordance with accepted and standard psychiatric hospital practices and the State was not negligent. Here, however, the evidence of the witnesses sworn by the State was that decedent would not have recovered from his mental disease, in other words, he was incurable. Under such a situation, and in view of his past history, it was negligence to permit deceased to leave the hospital grounds unattended. On this record a finding should be made that decedent would not have been rehabilitated to the extent that he could have become a useful member of society. Other than the funeral expenses there should be no recovery on the wrongful death cause of action. On the conscious pain and suffering cause of action, the proof requires that an award be made. (Appeal from a judgment dismissing a claim for damages for the death of claimant's intestate, alleged to have resulted by reason of negligence by State asylum.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ. [198 Misc. 130.]